Order affirmed, with costs.
Concur: Chief Judge Desmond and Judges Dye, Burke and Scileppi. Judges Fuld, Van Voorhis and Bergan dissent and vote to reverse in the following memorandum.
*981 Memorandum : In this condemnation proceeding the Appellate Division affirmed the trial court in the case of all damage parcels except 16-17, and with respect to them approved the land value of $12,000 as .found by Special Term but found that the building was worth $9,000 instead of $15,000 as found by the trial court. This meant that the final order of the Appellate Division determined the total value to be $21,000 instead of $27,000 as found by Special Term. In doing so, the Appellate Division proceeded entirely upon the basis of economic value through the capitalization of net rent.
We think it may fairly be said, based on reason and experience, that capitalization of net income is reliable as a principal method of valuation when the land is improved for its highest and best use, for instance, as a modern office or apartment building. Although slum properties are often valued by the capitalization method—through the device of raising the capitalization rate — this is an artificial method, since the improvement may well be nonpermanent and the land may be usable for a different purpose and a different development. In short, it is speculative and, therefore, capitalizing a stream of projected earnings from the existing improvements is unsound and undesirable if relied upon without reference to other valuation data or guides.
We deem it significant that the claimant’s expert, Mr. Blume, did not — contrary to the intimation contained in the Appellate Division’s opinion—adopt capitalization as his sole or principal method. In point of fact, this witness testified that he took into consideration, as he was privileged to do, as many other factors or guides as he could find: thus, he regarded as important the fact that each of the two compact four-family buildings — unlike the typical tenement—was “ very well-kept ” and “ very desirable in the market ” and that each apartment (in each building) not only had its own bathroom but was also equipped with steam heat and fireplace.
The record does not indicate how much more useful life these buildings may have, but it is probable that they will continue to be lived in for a considerable number of years. The fact remains that they are there, they accommodate more than 50 people who would find it difficult to relocate elsewhere, and may outlast present rent ceilings. It is hard to conceive how two four-story brick buildings containing four apartments apiece, *982 if worth anything, could be worth less than $15,000 in building value.
Special Term’s valuation of $27,000 reflects a value of about $3,300 an apartment, including land and structure, and this figure would, of course, be free of mortgage.
On these facts, the record seems to us to support the finding of Special Term rather than that of the Appellate Division.
Order affirmed.